IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION | MDL NO. 11-2249 |

| | |
|---|---|
| PJC LOGISTICS, LLC,<br><br>       Plaintiff,<br><br>vs.<br><br>A&R LOGISTICS, INC.; *et al.*<br><br>       Defendants. | Civil Action No. 0:11-cv-02551-DWF-SER<br><br>(Transferred from Northern District of Illinois; Case No. 1:11-cv-01983)<br><br>**PLAINTIFF PJC LOGISTICS, LLC'S REPLY TO COUNTERCLAIMS OF DEFENDANT EARL L. HENDERSON TRUCKING COMPANY** |

Plaintiff PJC Logistics, LLC ("PJC"), by and through its counsel, hereby submits this Reply in response to the Defendant Earl L. Henderson Trucking Company's Answer and Counterclaims to PJC Logistics, LLC's Complaint ("ELHTC").

## COUNTERCLAIMS

1.      ELHTC is a corporation organized under the laws of Texas with its principal place of business at 9757 Military Parkway, Dallas, Texas 75227.

   **ANSWER:** Admitted.

2.      PJC is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

   **ANSWER:** Admitted.

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. §§ 1, et seq.

**ANSWER:** PJC admits that this Court has subject matter jurisdiction for this action only.

4. PJC has submitted to the personal jurisdiction of this Court.

**ANSWER:** PJC admits that it is subject to the personal jurisdiction of this Court for this action only.

5. Venue is proper because PJC brought this action and consented to venue.

**ANSWER:** PJC admits that venue is proper for this action only but PJC denies that it brought this action in the U.S. District Court for the District of Minnesota.

## COUNTERCLAIM ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. ELHTC repeats and realleges paragraphs 1–5 above as if fully set forth herein.

**ANSWER:** PJC incorporates by reference its responses to paragraphs 1 through 5 of this Reply as if set forth fully herein.

7. PJC purports to be the assignee and lawful owner of all right, title and interest in and to the '844 Patent, entitled "Vehicle Tracking and Security System", which issued on June 29, 1993.

**ANSWER:** Admitted.

8. PJC has sued ELHTC in the present action, alleging infringement of the '844 Patent. Thus, an immediate, real and justiciable controversy exists between ELHTC and PJC with respect to the alleged infringement of the '844 Patent.

**ANSWER:** Admitted.

9. The only products used by ELHTC that remain accused of infringement in this case were manufactured or sold by StarTrak Systems, LLC or StarTrak Information Technologies, LLC.

**ANSWER:** PJC is without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and therefore denies them.

10. No claim of the '844 Patent can validly be construed to cover any product manufactured or sold by StarTrak Systems, LLC or StarTrak Information Technologies, LLC.

**ANSWER:** PJC is without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and therefore denies them.

11. ELHTC requests declaratory judgment that ELHTC's use of the electronic fleet management systems that remain accused of infringement in this case does not infringe, directly or indirectly, any claim of the '844 Patent.

**ANSWER:** PJC denies that ELHTC is entitled to any such judgment.

### COUNTERCLAIM TWO
### DECLARATORY JUDGMENT OF INVALIDITY

12. ELHTC repeats and realleges paragraphs 1–5 above as if fully set forth herein.

**ANSWER:** PJC incorporates by reference the responses to paragraphs 1 through 5 of this Reply as if set forth fully herein.

13. An immediate, real and justiciable controversy exists between ELHTC and PJC with respect to the invalidity of the '844 Patent.

**ANSWER:** Admitted.

14. The '844 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 305.

**ANSWER:** Denied.

15. ELHTC requests declaratory judgment that the '844 Patent is invalid.

**ANSWER:** PJC denies that ELHTC is entitled to any such relief.

PJC denies that ELHTC is entitled to any of the relief sought against PJC in its Prayer for Relief and Counterclaims.  In addition, to the extent necessary, PJC generally denies any allegation in the counterclaims not specifically admitted above, and PJC re-alleges infringement, validity, enforceability, and damages, and denies any allegations in the counterclaims adverse to the same.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief requested in its complaint, Plaintiff PJC respectfully prays that this Court:

A. Dismiss ELHTC's Counterclaims in their entirety with prejudice with respect to PJC, with ELHTC taking nothing thereby;

B. Deny all of ELHTC's Counterclaims against PJC;

C. Award PJC its costs and attorneys' fees incurred in defending against these Counterclaims; and

D. Award PJC any and all further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: November 16, 2011

*/s/ Steven R. Daniels*
Steven R. Daniels
(*Admitted Pro Hac Vice*)
Texas State Bar No. 24025318
Farney Daniels LLP
800 S. Austin Ave., Suite 200
Georgetown, TX  78626
Telephone: (512) 582-2828
Facsimile: (512) 582-2829
E-mail: sdaniels@farneydaniels.com

**Attorneys for Plaintiff**
**PJC Logistics, LLC**